IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR GASTON, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| NURSE LORY, NURSE KEVIN, NURSE LAVERN, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

2:20-CV-00897-CCW-PLD

# MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Patricia L. Dodge for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On May 7, 2021, the Magistrate Judge issued a Report and Recommendation, ECF No. 38, recommending that Defendants' Motion to Dismiss, ECF No. 28, be denied. Service of the Report and Recommendation ("R&R") was made on the parties, and Defendants have filed Objections. *See* ECF No. 40.

In their Objections, Defendants argue that it was error "for the Magistrate Judge to rely on any fact asserted in Plaintiff['s] Response to the Motion to Dismiss." ECF No. 40 at 2. In sum, Defendants "take issue" with citations to certain "facts" set out in Mr. Gaston's response in opposition and described as "clarifying statements" in the R&R, which Defendants claim were not alleged in Mr. Gaston's Complaint. *See* ECF No. 40 at 2. In support of this argument, Defendants point out that in the R&R "the Court referenced facts from the complaint

approximately 11 times," but "cited to facts contained in Plaintiff's Response to the Motion to Dismiss approximately 12 times." *Id.*

After a *de novo* review of the pleadings and documents in the case, together with the R&R and the Objections thereto, the Court is not persuaded that it was error for the Magistrate Judge to refer to certain statements in Mr. Gaston's response in opposition, which attempt to clarify the factual matter contained in his Complaint and the exhibits attached thereto.

Because Mr. Gaston is proceeding *pro se* in this matter, the Court is obliged to liberally construe his pleadings. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.") (collecting cases). When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a court … consider[s] only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Here, Mr. Gaston included eight exhibits in conjunction with his somewhat disjointed Complaint, including medical records and inmate grievances, which provide additional detail in support of his allegations. *See* ECF No. 7. The Court notes that, with one exception, Mr. Gaston in his response in opposition clearly cites the exhibit providing the basis for the factual matter he discusses and clarifies in his response. *See, e.g.,* ECF No. 35 at ¶ 4 (referencing medical record, at ECF No. 7, Ex. C, for fact that he did not go to hospital until 10 days after sustaining injuries and in support of argument that Defendants failed to provide medical care). Furthermore, it appears to the Court that the lone exception—paragraph 7 of Mr. Gaston's response—is based on Exhibit F to the Complaint. *Compare* ECF No. 35 at ¶ 7 (discussing "intake screen" allegedly

conducted by Defendant Nurse Kevin) *with* ECF No. 7-6 at 1–2 (inmate grievance filed by Mr. Gaston discussing, in part, the intake screening allegedly conducted by Nurse Kevin).

Thus, while Defendants appear to be technically correct that the R&R refers to factual statements or characterizations contained in Mr. Gaston's response in opposition more times than it does directly to the Complaint and its exhibits, they do not either (1) specify any fact referred to in the R&R that lacks any basis in the Complaint or, more importantly, (2) explain how excluding any supposedly improper factual matter would affect the Magistrate Judge's well-reasoned opinion. As such, the Court is not persuaded that the Magistrate Judge erred.

Accordingly, the following Order is entered: Defendants' Motion to Dismiss, ECF No. 28, is hereby **DENIED**; and the R&R, ECF No. 38, is adopted as the Opinion of the District Court.

IT IS SO ORDERED

DATED this 18th day of June, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record